Paul T. Cullen, Esq. (#193575)
THE CULLEN LAW FIRM, APC
19360 Rinaldi Street, Box 647
Porter Ranch, CA 91326
Tel: (818) 360-2529
Fax: (866) 794-5741
paul@cullenlegal.com

Attorneys for Plaintiff RUSSELL JUMPER,
individually on behalf of himself, all others
similarly situated, and the general public

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA; SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL JUMPER, an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>SBGA INC., a Delaware corporation, ROBERT T. PARISI, an individual, JASON MOORE, and DOES 1 through 10,<br><br>Defendants. | CASE NO.: **8:22-cv-1764**<br><br>**CLASS, AND COLLECTIVE ACTION (Plaintiff Class and Plaintiff Collective Class)**<br><br>**COMPLAINT FOR:**<br>1. **RECOVERY OF UNPAID OVERTIME WAGES (*Lab. Code* § 1194);**<br>2. **RECOVERY OF UNPAID MINIMUM WAGES (*Lab. Code* § 1194);**<br>3. **FAILURE TO PROVIDE MEAL PERIODS (*Lab. Code,* § 226.7);**<br>4. **FAILURE TO PROVIDE REST PERIODS (*Lab. Code* § 226.7);**<br>5. **FAILURE TO PAY OVERTIME); WAGES (29 U.S.C. §§ 206 et seq.);**<br>6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATE-MENTS (*Lab. Code,* § 226(a));**<br>7. **VIOLATIONS OF *LAB. CODE,* § 203;**<br>8. **FAILURE TO INDEMNIFY BUSINESS EXPENSES; AND,**<br>9. **UNFAIR BUSINESS PRACTICES (*B&PC.* § 17200 et seq.)** |

**DEMAND FOR JURY TRIAL**

Plaintiff RUSSELL JUMPER, an individual, on behalf of himself, all others similarly situated, and the general public (hereinafter "Plaintiffs") hereby files this Complaint against Defendants SBGA INC., a Delaware corporation, ROBERT T. PARISI, an individual, JASON MOORE, an individual, and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants"). All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## I.  JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated."

2.    Plaintiff is filing concurrently herewith a consent to join this action.

3.    This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e., the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Busk v. Integrity Staffing Solutions, Inc.,* (9th Cir.

2013) 713 F.3d 525, 530, reversed on other grounds (2014) 574 U.S. 27 ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

4.      Venue is proper in this Court, because one or more of the Defendants named herein maintained a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in the County of Orange, State of California, which is located within this district.  Specifically, a substantial amount of the work Plaintiff and the Plaintiff Class and Collective Class performed, and for which they were not paid, was performed at 9012 Research Drive, Irvine CA 92618.

## II. PARTIES

5.      Plaintiff RUSSELL JUMPER is natural person, and was employed by Defendants within the State of California and Utah for approximately three weeks within the past three years.

6.      Defendant SBGA INC. is a Delaware corporation that, at all times pertinent to the claims set forth herein, had its center of operations at 9012 Research Drive, Irvine CA 92618.

7.      Defendant ROBERT T. PARISI is an individual, who is/was a co-employer of the Plaintiff and Plaintiff Class and Collective Class and/or otherwise liable for the claims asserted herein pursuant to Lab. Code, § 558.1, because he was an owner, director, officer, or managing agent of SBGA, INC. acting on behalf of said

corporation, who violated, or caused to be violated, a provision regulating minimum wages or hours and days of work in an order of the Industrial Welfare Commission, or violated, or caused to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802 of the California Labor Code.

8.      Defendant JASON MOORE is also an individual, who is/was a co-employer of the Plaintiff and Plaintiff Class and Collective Class and/or otherwise liable for the claims asserted herein pursuant to Lab. Code, § 558.1.

9.      The identity of DOES 1-10 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant,"

10.     "Defendants" herein shall mean "Defendants and each of them."

### III.   ALL DEFENDANTS

11.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

12.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and

every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

13.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.     Defendant, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such, were co-employers of the Plaintiff and the putative classes herein.

15.     Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## IV.   GENERAL FACTUAL ALLEGATIONS

16.    The Defendants herein operate a business in in California and nationwide that seeks to aggregate members, who are predominantly small businesses, to

provide various business technologies, electronic payment solutions, payroll services, website management, accounting solutions, discounted shipping, and capital funding.

17.     SBGA, which apparently stands for Small Business Growth Alliance, hires employees, like Plaintiff herein, to sell its services businesses throughout the United States.

18.     Defendants require, prerequisite to becoming their employee, that one must undergo five (5) days of unpaid, intensive training, lasting approximately 14 hours per day.

19.     Apparently, Defendants did not believe it was all that important that mandatory training must be compensated both under California and federal law.

20.     For Plaintiff, his mandatory training commenced on September 23, 2019, and it concluded on September 27, 2019.  Hence, on or shortly after September 27, 2019, Plaintiff's wages for the time he spent in training became due.  Plaintiff continued to work for Defendants for several more weeks without pay.

21.     Defendants never paid Plaintiff for his training, nor did they pay for the training of any of its coworkers. Nor did Defendants reimburse Plaintiff or the Plaintiff Class for any of the expenses they incurred as a direct consequence of the work they performed for Defendants herein.

22.     The Defendants and their agents knew or had reason to know that Plaintiff, the Plaintiff Class and the Plaintiff Collective Class were working off the clock without compensation, yet they suffered or permitted him to do so.

/ / /

# V. COLLECTIVE, CLASS, AND
## REPRESENTATIVE ACTION ALLEGATIONS

23.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

24.     Plaintiff brings this action on behalf of himself and all other similarly situated employees employed in California as well as throughout the United States both as collective action under the FLSA and a class action under California law and Fed. Rules Civ. Proc., Rule 23.

25.     Plaintiff brings this action on behalf of himself and the following **FLSA Collective Class**: All persons employed by Defendants in the United States and its territories as trainees, independent sales consultants, and/or sales representatives (or similar such titles) any time during the time period of commencing three years prior to the date of the filing of this action through to the date of judgment after trial.

26.     With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

   a. Defendants employed Plaintiff as a trainee but, as with his coworkers, they paid him no wages whatsoever.

   b. Common questions exist as to whether Defendant failed to pay Plaintiff and FLSA Collective Class Members for their time spent as trainees.

    c. Upon information and belief, Defendants employ, and have employed, in excess of 500 FLSA Collective Class Members within the applicable statute of limitations.

    d. Plaintiff has signed a Consent to Sue form, which attached hereto as Exhibit A.

27.    Consent to sue forms are not required for state law claims under Fed. Rules Civ. Proc., Rule 23.

28.    Pursuant to Rule 23, Plaintiff also brings this action on behalf of himself and the following **California Class and Subclasses**:

    a. **California Class:** All persons employed by Defendants in California as trainees, independent sales consultants, and/or sales representatives (or similar such titles) any time during the period commencing four years and 178 days[1] prior to the date of the filing of this action through to the date of judgment after trial.

    b. **California Wage Statement Subclass:** All California Class Members who were employed at any time during the period of commencing three years prior and 178 days to the date of the filing of this action through to the date of judgment after trial.

    c. **California Waiting Time Penalties Subclass:** All California Class Members who were employed at any time during the period

---

[1] 178 days are added to the statutory lookback period for the California Class and subclasses due to the tolling of the statutes of limitations under the Emergency Rules of Court promulgated in response to the COVID 19 pandemic.

commencing three years and 178 days prior to the date of the filing of this action through to the date of judgment after trial.

29.     Class treatment is appropriate under Rule 23 in this case for the following reasons, among others:

    a.  The Class is Sufficiently Numerous: Upon information and belief, Defendants employ, and have employed, in excess of 500 persons in each Class or Subclass within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as their numerosity.

    b.  Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, without limitation:

        i.  Whether Defendants failed to compensate Plaintiff and all members of the Class for time spent in mandatory training;

        ii.  Whether Defendants' policy and practice of not providing California Wage Statement Subclass Members with pay stubs for the work they performed as trainees violates the California Labor Code and the Orders of the California Industrial Wage Commission; and

        iii.  Whether Defendants willfully failed to pay California Waiting Time Penalties Subclass Members all wages due and owing at the time of termination.

iv.  Whether Defendants failed and continue to fail to provide meal and rest periods free of duty in violation of the Labor Code and the applicable IWC Wage Order(s);

v.  Whether Defendants failed to timely furnish accurate, itemized statements to the members of the Class in conformity with Lab. Code, § 226(a) and, if not, whether liability for the same accrues under Lab. Code, § 226;

vi.  Whether Defendants' conduct constitutes unfair competition and/or business practices within the meaning of Business & Prof. Code ("B&PC"), §17200 *et seq*.;

vii.  Whether the members of the Class are entitled to compensatory damages, and, if so, the means of measuring such damages;

viii.  Whether the members of the Class are entitled to restitution;

ix.  Whether Defendants are liable for pre-judgment interest; and,

x.  Whether Defendants are liable for attorneys' fees and costs.

c.  Plaintiff's Claims are Typical to Those of Fellow Class Members:

i.  Plaintiff was not paid for mandatory training time and he incurred business related expenses in the course and scope of his duties, which expenses Defendants did not indemnify.

ii.  Defendant did not give Plaintiff and California Wage Statement Subclass Members wage statements to reflect the compensation they were due.

iii. Defendants have not timely remitted all wages due and owing to Plaintiff and to California Waiting Time Penalties Subclass Members, who are Defendants' former employees.

d. Plaintiff is an Adequate Representative of the Classes and Subclasses: Plaintiff will fairly and adequately represent the interests of Class and Subclass Members, because Plaintiff is a member of the Class and Subclasses, because he has common issues of law and fact with all members of the Class, and because his claims are typical. He has also hired experienced class counsel.

e. A Class Action is Superior:  Class treatment is superior because common claims will predominate. A class action is also superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

Moreover, the following also demonstrates the superiority of a class (and a collective class) action:

    i.  Adjudications with respect to individuals members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and,

    ii.  Defendants have acted or refused to act on grounds generally applicable to all members of the Class, making declaratory relief appropriate with respect to all of the Class.

## VI.   INDIVIDUAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**RECOVERY OF UNPAID OVERTIME WAGES**
**(Pursuant to Lab. Code, § 1194 - On Behalf of the California Class)**
**(Against All Defendants)**

1.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

2.    Defendants suffered Plaintiff and the California class to work as trainees without pay for as many as 70 hours in a week, if not more.

3.      Accordingly, the members of the California Class seek to recover, pursuant to Lab. Code, § 1194(a) the unpaid balance of the premium overtime wages owed them.

4.      Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at §20(A).

5.      Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

a.      Interest pursuant to Lab. Code, §§218.6 and 1194(a), Civ. Code, §§ 3287 and §3289;

b.      Reasonable attorneys' fees and costs of suit pursuant to Lab. Code, §1194; and,

d.      Punitive damages, because Defendants knew such wages were due and owing to Plaintiff and the plaintiff Class, Defendant had the clear ability to pay said wages, and the willful non-payment of said wages was oppressive and malicious.  As such, Defendants' actions warrant an award of punitive and exemplary damages against Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

RECOVERY OF UNPAID MINIMUM WAGES
**(Pursuant to Lab. Code, § 1194 - On Behalf of the California Class)**
**(Against All Defendants)**

6.      Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

7.      Failure of an employer to pay its employees the minimum wage fixed by the California Labor Commission violates, *inter alia,* Lab. Code, §1197.

8.      During the Relevant Time Period (i.e., the statutory lookback periods at issue under each of the claims herein), Defendants required the members of the California Class to remain under Defendants' control without paying any wages therefor, which resulted in the members of these Subclasses earning less than the legal minimum wage in the State of California for portions of the days during which they worked.

9.      Specifically, Defendants' practice of refusing to pay hourly rates of at least the state-mandated minimum wage for time spent by Class members performing work in excess of eight hours in a day and/or 40 hours in a week – especially when working standby on-call, gives rise to a claim for unpaid minimum wages pursuant to Labor Code §1194(a).

10.     The members of the California Class thus seek to recover, pursuant to Lab. Code, § 1194(a) the unpaid balance of the minimum wages owed them,

calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

11.     Plaintiff further seeks liquidated damages pursuant to Lab. Code, §1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

12.     Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at § 20(A).

13.     Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

     a.     Interest pursuant to Lab. Code, §§218.6 and 1194(a), Civ. Code, §§ 3287 and §3289;

     b.     Reasonable attorneys' fees and costs of suit pursuant to Lab. Code, §1194; and,

     d.     Punitive damages, because Defendants knew such wages were due and owing to Plaintiffs and the plaintiff California Class, Defendants had the clear ability to pay said wages, and the willful non-payment of said wages was oppressive and malicious.  As such, Defendants' actions warrant an award of punitive and exemplary damages against Defendants.

/ / /

/ / /

## THIRD CAUSE OF ACTION

FAILURE TO PROVIDE MEAL PERIODS

**(Pursuant to Lab. Code, § 226.7 - On Behalf of the California Class)**
**(Against All Defendants)**

14.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15.     Plaintiff is informed and believes and thereon alleges that all members of the California Class regularly worked over five (5) hours per shift as trainees; thus, they were entitled to a meal period of not less than thirty (30) minutes without duty.

16.     Nevertheless, Plaintiff is informed and believes and thereon alleges that Defendants routinely failed to timely provide members of the California Class with such meal periods without duty, notwithstanding the fact that said California Class members had not waived their right to the same.  This is to say that Defendants treated the California Class members as if they were exempt from the meal period requirements established by Lab. Code, §§ 226.7, §512, 516 and Section 11 of the IWC Wage Order(s), and, in failing to comply with these provisions of California law, Defendants failed to provide and/or ensure meal periods for the California Class on a regular basis.

17.     Plaintiff seeks damages (in terms of premium pay) pursuant to Section 11(D) of the IWC Wage Order(s) and Lab. Code, §226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is/was not provided to any member of the California

Class in full conformity with the applicable wage order, the cumulative sum of which is to be proved at time of trial.

18.     Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to Lab. Code, §§ 218.6, 1194(a) and Civ. Code, §§ 3287(b) and 3289.

19.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Lab. Code, § 1194.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

**(Pursuant to Lab. Code, § 226.7 - On Behalf of the California Class)**
**(Against All Defendants)**

20.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

21.     Plaintiff is informed and believes and thereon alleges that all members of the California Class regularly worked at least four (4) hours (or a major fraction thereof) per shift; thus, they were entitled to a 10 minute paid rest period without duty.

22.     Nevertheless, Plaintiff is informed and believes and thereon alleges that Defendant routinely failed to timely provide the California Class members with such rest periods, notwithstanding the fact that they had not waived their right to the same.  This is to say that Defendants treated these California Class members as if they were exempt from the rest period requirements established by Lab. Code, §§ 226.7, §512, 516 and Section 12 of the IWC Wage Order(s), and, in failing to

comply with these provisions of California law, Defendants failed to provide the California Class with rest periods on a regular basis.

23.     Plaintiff seeks damages (in terms of premium pay) pursuant to Section 12(B) of the IWC Wage Order(s) and Lab. Code, §226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a rest period is/was not provided to any member of the California Class, the cumulative sum of which is to be proved at time of trial.

24.     Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to Lab. Code, §§ 218.6, 1194(a) and Civ. Code, §§ 3287(b) and 3289.

25.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Lab. Code, § 1194.

### FIFTH CAUSE OF ACTION
FAILURE TO PAY MINIMUM AND OVERTIME WAGES

**(Pursuant To 29 U.S.C. §§ 206 et seq. -
On Behalf of the FLSA Collective Class)
(Against All Defendants)**

26.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27.     Within the three years prior to the filing of the instant complaint, Plaintiffs worked hours in excess of 40 per week for Defendants herein, but were not paid either minimum or overtime wages therefor by Defendants.

28.     Plaintiffs are informed and believe, and based on such information and belief, allege that Defendants violated the provisions of 29 *U.S.C.* 206 *et. seq.*

in a manner that was willful within the meaning of 29 *U.S.C.* § 255(a) in failing to pay minimum or overtime wages to plaintiffs for their work in excess of 40 hours per week as employees of Defendants.

29.     The named Plaintiff herein has consented to be joined in this action, as is set forth in Exhibit A, the Declaration of RUSSELL JUMPER.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

**(Pursuant to Lab. Code, § 226(a) -
On Behalf of the California Wage Statement Subclass)
(Against All Defendants)**

30.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31.     As noted above, Defendants failed to pay the California Wage Statement Subclass members minimum and overtime wages for all hours worked by said California Class Members during the Relevant Time Period.

32.     Plaintiff is informed and believes and thereon alleges that Defendants, in violation of Lab. Code, §226(a), engaged in a consistent practice with respect to the Class of regularly failing to furnish each of the members of the California Wage Statement Subclass with accurate itemized statements in writing showing (1) gross wages actually earned, (2) total hours actually worked by the employee, (3) all deductions, (4) net wages actually earned and/or (5) all applicable hourly rates

in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

33.     Plaintiff is further informed and believes and thereon alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the California Wage Statement Subclass.

34.     Plaintiff and Class members have suffered cognizable legal injuries as a result of said violations, such as (a) the risk that will not be paid overtime for all hours actually worked, (b) confusion over whether they received all wages owed them, (c) difficulty and expense involved in reconstructing pay records to compute all pay actually due and owing, and/or (d) the need to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked.

35.     Plaintiff herein seeks on behalf of himself and the California Wage Statement Subclass, damages and/or penalties pursuant to Lab. Code, §226(e) for each violation by Defendants of Lab. Code, §226(a).

36.     Plaintiff further seeks preliminary and permanent injunctive relief pursuant to Lab. Code, §226(g).

37.     Plaintiff seeks an award of reasonable attorneys' fees and costs pursuant to Lab. Code, §226(g).

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF LAB. CODE, §203

**(Pursuant to Lab. Code, § 203 –
On Behalf of the California Waiting Time Penalties Subclass)
(Against All Defendants)**

38.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

39.     Plaintiff is informed and believes and thereon alleges that Defendants, in violation of Lab. Code, §203, consistently and willfully failed to timely pay not only him, but all members of the California Waiting Time Penalties Subclass, all wages due and owing to said Subclass members at the time of termination of employment, including basic minimum wages and premium pay due for denial of meal periods as set forth hereinabove.

40.     Plaintiff seeks on behalf of California Waiting Time Penalties Subclass the penalties to which they are entitled pursuant to Lab. Code, §203, in the amount of each California Waiting Time Penalties Subclass members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY BUSINESS EXPENSES

**(Pursuant to Lab. Code, § 2802  -
On Behalf of the California Class)
(Against All Defendants)**

41.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiff, in the course of scope of his employment, incurred necessary, business-related expenses, e.g., travel expenses, cellular phone expenses and mileage, that Defendants failed and/or refused to indemnify in contravention of California law.

43.     Plaintiff and the California class therefor seek damages and indemnification as a result of the same, including mandatory attorney fees pursuant to Lab. Code, §2802.

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**(Pursuant to B&PC, § 17200 *et seq.* -
On Behalf of the California Class and the General Public)
(Against All Defendants)**

44.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45.     Defendants, and each of them, have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described hereinabove, specifically, by requiring the California Class to perform the work without minimum and overtime wages, without timely meal and rest periods free of duty, without proper wage statements, and without indemnity for business-related expenses incurred in the course and scope of their duties.

46.     Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

47.     Plaintiff and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein.

48.     Plaintiff seeks on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

49.     The acts complained of herein, occurred, at least in part, within the last four (4) years preceding this Complaint for Damages.

50.     Further, if Defendants are not enjoined from the unlawful conduct described above, Defendants will continue unabated in their unlawful conduct,

which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the California Class who are current employees of the Defendants, and for which there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

51.    Plaintiff, on behalf of the general public and members of the California Class, seeks full restitution from Defendants, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

## VI.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

a.  That the Court issue an Order certifying the classes herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff as counsel for the members of the classes;

b.  <u>As to the First Cause of Action for Failure to Pay Overtime Wages</u>:

1.    For recovery of the unpaid balance of the full amount of the overtime wages due and owing, according to proof;

2.    For pre-judgment interest pursuant to, *inter alia,* Lab. Code, §§ 218.6 and 1194(a), Civ. Code, §§ 3287(b) and 3289;

3.    For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount

to be returned by Defendants, and the amounts to be refunded
to members of the classes who are owed monies by Defendants;

4.    For an Order for a preliminary and/or permanent injunction
prohibiting Defendants from engaging in the acts complained of
herein;

5.    For all other appropriate injunctive, declaratory and equitable
relief;

6.    For interest to the extent permitted by law; and

7.    For an award of exemplary damages;

8.    For an award of reasonable attorneys' fees and costs incurred in
the investigation, filing and prosecution of this action pursuant
to Lab. Code, § 1194(a).

c.  <u>As to the Second Cause of Action for Failure to Pay Minimum Wages</u>:

1.    For recovery of the unpaid balance of the full amount of the
minimum wages due and owing, according to proof;

2.    For liquidated damages on the straight-time portion of
uncompensated hours of work (not including the overtime
portion thereof), pursuant to, *inter alia*, Lab. Code, §1194.2(a);

3.    For pre-judgment interest pursuant to, *inter alia,* Lab. Code, §§
218.6 and 1194(a), Civ. Code, §§ 3287(b) and 3289;

4.    For an accounting, under administration of Plaintiffs and/or the
receiver and subject to Court review, to determine the amount

to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

5.   For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

6.   For all other appropriate injunctive, declaratory and equitable relief;

7.   For interest to the extent permitted by law; and

8.   For an award of exemplary damages;

9.   For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Lab. Code, § 1194(a).

d.   As to the Third Cause of Action for Failure to Provide Meal Periods:

1.   For one (1) hour of premium pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

2.   For pre-judgment interest pursuant to Lab. Code, §§218.6 and 1194(a) and Civ. Code, §§ 3287(b) and 3289;

3.   For an award of reasonable attorneys' fees and costs pursuant to Lab. Code, § 218.5;

///

///

e.   <u>As to the Fourth Cause of Action for Failure to Provide Rest Periods</u>:

1.   For one (1) hour of premium pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

2.   For pre-judgment interest pursuant to Lab. Code, §§218.6 and 1194(a) and Civ. Code, §§ 3287(b) and 3289;

3.   For an award of reasonable attorneys' fees and costs pursuant to Lab. Code, § 218.5;

f.   <u>As to the Fifth Cause of Action for Failure to Pay Minimum and Overtime Wages</u>:

1.   For damages for unpaid minimum wages to Plaintiffs for work performed during the Relevant Time Period according to proof;

2.   For damages for unpaid overtime wages to Plaintiffs for work performed during the Relevant Time Period according to proof;

3.   For liquidated damages on the minimum and overtime wages found to be due and owing 29 U.S.C. § 216;

4.   For attorney's fees and costs, including pre-judgment interest at the prevailing rate, pursuant to *inter alia* 29 U.S.C. § 216;

g.   <u>As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements</u>:

1.   For damages and/or penalties as authorized by Lab. Code, §226(e);

2.   For injunctive relief pursuant to Lab. Code, §226(h);

3.      For an award of costs and reasonable attorneys' fees
        pursuant to Lab. Code, §226(e);

h.      <u>As to the Seventh Cause of Action for Violations of Lab. Code, §203</u>:
        For penalties as authorized by Lab. Code, §203;

i.      <u>As to the Eighth Cause of Action for Failure to Indemnify Business
        Expenses</u>:

        1.      For damages according to proof at time of trial; and

        2.      Attorneys' fees pursuant to Lab. Code, § 2802;

j.      <u>As to the Ninth Cause of Action for Unfair Business Practices</u>:

        1.      For an accounting, under administration of Plaintiff and/or the
                receiver and subject to Court review, to determine the amount to
                be returned by Defendants, and the amounts to be refunded to
                members of the classes who are owed monies by Defendants;

        2.      For an Order requiring Defendants to make full restitution and
                payment pursuant to California law;

        3.      For an Order for a preliminary and/or permanent injunction
                prohibiting Defendants from engaging in the acts complained of
                herein;

        4.      For all other appropriate injunctive, declaratory and equitable
                relief;

        5.      For interest to the extent permitted by law; and

        6.      For an award of reasonable attorneys' fees and costs incurred in
                the investigation, filing and prosecution of this action pursuant to

Code Civ. Proc., §1021.5, B&PC, §17200, et seq., Lab. Code,

§1194 and/or any other applicable provision of law.

k.      For all other relief as the Court may deem proper.

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his and the Class', Collective Class' and the Subclasses' claims by jury to the extent authorized by law.

Dated:    September 26, 2022

**THE CULLEN LAW FIRM, APC**

By _____

**PAUL T. CULLEN**
Attorneys for Plaintiff